UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00405-GNS-RSE

HELEN RAPIER                                                                            PLAINTIFF

v.

COLOPLAST CORP., et al.                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Ethicon, Inc. and Johnson & Johnson's Partial Motion to Dismiss (DN 4), Defendants Coloplast Corp's Motion for Judgment on the Pleadings (DN 13), and Coloplast Manufacturing US, LLC's Motion to Dismiss (DN 14). For the reasons below, the motions are **GRANTED IN PART** and **DENIED IN PART**.

### I. SUMMARY OF THE FACTS

On April 11, 2017, Plaintiff Helen Rapier ("Plaintiff") was admitted to Baptist Health Hospital in Louisville, Kentucky, for a bilateral oophorectomy, laparoscopic sacrocolpopexy, transvaginal tape placement, and posterior repair. (Compl. ¶ 19, DN 1-1). During these procedures, Plaintiff was implanted with a Restorelle Y pelvic mesh device, manufactured by Defendant Coloplast Corp. ("Coloplast"), and a TVT Exact pelvic mesh device, manufactured by Defendant Ethicon, Inc. ("Ethicon"). (Compl. ¶ 19).

These implants allegedly caused "serious, painful, and permanent injuries" resulting in "necessary medical and related expenses and . . . [future] expenses for medical and related expenses . . . ." (Compl. ¶ 22). Plaintiff claims "she suffered great pain, suffering and mental anguish; and will suffer future pain, suffering, and mental anguish . . . ." (Compl. ¶ 22). Plaintiff

asserts that she underwent further surgery to remove the Restorelle Y and TVT Exact in August 2018, December 2018, and December 2019. (Compl. ¶ 15).

Plaintiff commenced the present action in Jefferson (Kentucky) Circuit Court in May 2020, alleging 17 causes of action: negligence (Count I); strict liability for a manufacturing defect (Count II); strict liability failure to warn (Count III); strict liability for a defective product (Count IV); strict liability for a design defect (Count V); common law fraud (Count VI); fraudulent concealment (Count VII); constructive fraud (Count VIII); negligent misrepresentation (Count IX); negligent infliction of emotional distress (Count X); breach of express warranty (Count XI); breach of implied warranty (Count XII); violation of the Kentucky Consumer Protection Act ("KCPA") (Count XIII); gross negligence (Count XIV); unjust enrichment (Count XV); punitive damages (Count XVI); and "Discovery Rule and Tolling" (Count XVII). (Compl. ¶¶ 18-170). Plaintiff named five defendants: Coloplast; Mentor Worldwide LLC; Coloplast Manufacturing US, LLC ("Coloplast Mfg."); Ethicon; and Johnson & Johnson (Compl. 1-2).

Coloplast filed a Notice of Removal, to which all defendants consented pursuant to 28 U.S.C. § 1446. (Consent Removal, DN 1-2 to 1-5). Ethicon and Johnson & Johnson moved to dismiss for failure to state a claim. (DN 4). Coloplast then moved for judgment on the pleadings (DN 13) and Coloplast Mfg. moved to dismiss (DN 14), both adopting the arguments made in support of DN 4.[1] These motions are ripe for decision.

---

[1] Plaintiff filed an unopposed motion to voluntarily dismiss Mentor Worldwide LLC (DN 12) from the action without prejudice, which was granted (DN 18). On September 10, 2020, an Agreed Order of Partial Dismissal between Plaintiff, Coloplast, and Coloplast Mfg. was entered dismissing without prejudice Plaintiff's claims of negligent manufacturing (part, but not all, of Count I), "Strict Liability – Manufacturing Defect" (Count II), "Strict Liability – Defective Product" (Count IV), fraud-based claims (Counts VI through IX), and breach of warranty claims (Counts XI and XII). (DN 26). This agreement did not include Johnson & Johnson and Ethicon. On December 10, 2021, an Agreed Order of Partial Dismissal was entered with respect to the same claims against Johnson & Johnson and Ethicon. (DN 37).

## II.     JURISDICTION

The Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332, as the parties are in complete diversity of citizenship and the amount in controversy exceeds $75,000.

## III.     STANDARD OF REVIEW

Causes of action are subject to dismissal if they "fail[] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the nonmoving party, accepting "as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)). The nonmoving party, however, must plead more than bare legal conclusions. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

In order to survive a 12(b)(6) motion, "[the] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading need not contain detailed factual allegations, but the nonmoving party must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the

complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

As for motions for judgment on the pleadings, "[i]n general, Rule 12(c) motions are analyzed under the same standard as Rule 12(b)(6) motions to dismiss for failure to state a claim." *Duncan v. Jefferson Cnty. Bd. of Educ.*, No. 3:19-CV-000495-GNS-RSE, 2021 U.S. Dist. LEXIS 54566, at *4 (W.D. Ky. Mar. 23, 2021) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)). Thus, for a complaint to survive a Rule 12(c) motion, it must establish "enough facts to state a claim for relief that is plausible on its face." *Matthews v. Transp. Div., Inc.*, No. 3:16-CV-00340-GNS, 2017 U.S. Dist. LEXIS 22143, at *3-4 (W.D. Ky. Mar. 10, 2017) (quoting *Twombly*, 550 U.S. at 570). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Duncan*, 2021 U.S. Dist. LEXIS 54566, at *4 (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007)).

## IV. DISCUSSION

Ethicon, Johnson & Johnson, Coloplast, and Coloplast Mfg. ("Defendants") contend that Plaintiff fails to plead sufficient facts to state a plausible claim for several causes of action. (Defs.' Mem. Supp. Partial Mot. Dismiss 4-17, DN 4-1 [hereinafter Defs.' Mem.]). [2] Notwithstanding prior agreed dismissal of some claims included in Defendants' motion to dismiss, Defendants assert that four additional claims in the Complaint should be dismissed: the claim for negligent infliction of emotional distress (Count X); the KCPA claim (Count XIII); the claim for

---

[2] As Coloplast and Coloplast Mfg. have adopted and incorporated the arguments contained in Ethicon and Johnson & Johnson's memorandum, citations will reference only DN 4.

4

punitive damages (Count XVI); and the claim for "Discovery Rule & Tolling" (Count XVII). (Defs.' Mem. 10-11, 15-17).

### A. Negligent Infliction of Emotional Distress (Count X)

First, Defendants seek dismissal of Plaintiff's claim for negligent infliction of emotional distress ("NIED") (Count X). "To prove negligent infliction of emotional distress, a plaintiff must first prove the elements of a standard negligence claim, meaning 1) duty 2) breach 3) causation and 4) damages, and then . . . must demonstrate 5) severe emotional injury." *Savidge v. Pharm-Save, Inc.*, No. 3:17-CV-00186-TBR, 2017 U.S. Dist. LEXIS 197635, at *32-33 (W.D. Ky. Dec. 1, 2017) (citing *Osborne v. Keeney*, 399 S.W.3d 1, 17-18 (Ky. 2012)). "[A] mere formulaic recitation of an element of a cause of action is insufficient to state a claim without accompanying factual allegations." *Id.* at *32 (citing *Alioto v. Advantage Assocs.*, No. 10-14-C, 2011 U.S. Dist. LEXIS 107881, at *9 (W.D. Ky. Sept. 22, 2011)); *see also Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

The Complaint alleges that "Plaintiff has sustained and will continue to sustain emotional distress . . . as a direct result of the decision to purchase the Restorelle Y and TVT Exact products . . . ." (Compl. ¶ 95). Plaintiff repeats in the following paragraph her claim that she "suffered great pain, suffering and mental anguish; and will suffer future pain, suffering, and mental anguish . . . ." (Compl. ¶ 96). This, however, is the extent of Plaintiff's allegations describing her "severe emotional injury"; no further factual elaboration is provided. On its face, these allegations are insufficient to "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also Savidge*, 2017 U.S. Dist. LEXIS 197635, at *33 ("Specifically, claiming only that Defendants 'cause[d] severe emotional distress' to Plaintiffs is insufficient." (alteration in

5

original)); *Archey v. AT&T Mobility, LLC*, No. 17-91-DLB-CJS, 2017 WL 6614106, at *3 (E.D. Ky. Dec. 26, 2017) ("Plaintiff has failed allege facts to show that she has suffered distress that 'significantly affects' her everyday life or distress that requires 'significant treatment.'" (citing *Osborne*, 399 S.W.3d at 17)); *Petrey v. Ethicon, Inc.*, No. 5:19-298-DCR, 2019 U.S. Dist. LEXIS 180314, at *4 (E.D. Ky. Oct. 18, 2019) ("Petrey does not attempt to bolster her claim and, instead, simply repeats the allegation that she has suffered 'physical injury and emotional distress, disability, impairment, and loss of enjoyment of life' as a result of the defendants' actions. Put simply, the claim does not include enough factual support to suggest that Petrey suffered severe emotional injury, as required for a claim of negligent infliction of emotional distress."). As Plaintiff fails to allege any facts supporting the key "severe emotional injury" component of her NIED claim, she has failed to state a claim, regardless of whether she has sufficiently alleged the remaining components. Therefore, Plaintiff's claim for negligent infliction of emotional distress will be dismissed.

### B. KCPA (Count XIII)

Defendants argue that Plaintiff's claim of violation of the KCPA (Count XIII) has been insufficiently pled regarding privity with Defendants. (Defs.' Mem. 15-16). In general, Kentucky courts have interpreted the KCPA "to mean that an individual must be a purchaser with privity of contract in order to have standing to bring an action under the [KCPA]." *Simpson v. Champion Petfoods USA, Inc.*, 397 F. Supp. 3d 952, 962-63 (E.D. Ky. 2019) (alteration in original) (citations omitted); *see also Wright v. State Farm Mut. Auto. Ins. Co.*, 443 F. Supp. 3d 789, 794 (W.D. Ky. 2020) ("[A]s a general rule, there must be privity of contract between the parties in a suit where a violation of the KCPA is alleged." (citing *Skilcraft Sheetmetal, Inc. v. Ky. Machinery, Inc.*, 836 S.W.2d 907, 909 (Ky. App. 1992))).

In *Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727 (W.D. Ky. 2013), this Court held that privity may exist in a circumstance potentially analogous to the present case. *See Duff v. C.R. Bard*, No. 5:20-CV-00060-GNS-CHL, 2021 U.S. Dist. LEXIS 41658, at *15-16 (W.D. Ky. Mar. 4, 2021). In *Levin v. Trex Co.*, No. 3:10-CV-692-CRS, 2012 U.S. Dist. LEXIS 28522 (W.D. Ky. Mar. 2, 2012), this Court stated that "[u]nder Kentucky law, 'an actual and direct promise for the benefit of a third party will be sufficient to create privity between the promisor and the third party beneficiary.'" *Id.* at *11 (quoting *Louisville Gas & Elec. Co. v. Cont'l Field Sys., Inc.*, 420 F. Supp. 2d 764, 770 (W.D. Ky. 2005)). In *Duff*, this Court denied the motion to dismiss the breach of express warranty claim because the "[p]laintiff's physician purchased the PowerPort, but it was intended to be used on [p]laintiff as a medical device." *Duff*, 2021 U.S. Dist. LEXIS 41658, at *16. Because Defendants allegedly sold the products to Plaintiff's physician for the purpose of it being used as a medical device in patients like Plaintiff, Plaintiff's KCPA claim may proceed. (Compl. ¶¶ 121, 125).

In *Yonts v. Easton Technical Products, Inc.*, 676 F. App'x 413 (6th Cir. 2017), the Sixth Circuit distinguished *Levin* and *Naiser* because "the consumer purchased the defective product directly from a retailer; there was only one middleman. In contrast, because Yonts purchased the Easton arrow second-hand, at least one other consumer separates him from any retailer or distributor, let alone the actual manufacturer." *Id.* at 420. A key distinction was that Yonts was not the direct purchaser of the arrow, but instead the chain of possession contained an additional link that placed the consumer "so far removed from the manufacturer . . . [KRS] 355.2-318's and 367.220's limitations would be meaningless." *Id.* at 420-21. The facts presented in this case are far closer to *Levin* and *Naiser*, than to *Yonts*. As such, *Yonts* is inapposite. Therefore, Plaintiff may be able to establish privity with Defendants.

Defendants next contend that the KCPA claim is barred by the statute of limitations, KRS 387.220, which sets a one-year limitations period "after any action of the Attorney General has been terminated" or two years "after the violation of KRS 367.170, whichever is later." KRS 367.220(5). Although Plaintiff claims that equitably the limitations period did not begin to run until she discovered the product defects, Defendants cite intra-district precedent recognizing, "the discovery rule does not apply to the KCPA because it is a legislatively enacted cause of action." (Defs.' Mem. 16 (citing *Bennett v. Ford Motor Co.*, No. 5:07CR-115-R, 2008 U.S. Dist. LEXIS 27286, at *8 (W.D. Ky. Apr. 3, 2008))); *see also Mitchell v. Gen. Motors LLC*, No. 3:13-CV-498-CRS, 2014 U.S. Dist. LEXIS 43943, at *12-13 (W.D. Ky. Mar. 31, 2014). This is consistent with even more recent cases, as the Eastern District of Kentucky has also noted that the "discovery rule" does not apply to KCPA claims. *Corder v. Ethicon, Inc.*, 473 F. Supp. 3d 749, 769 (E.D. Ky. 2020) (citing *Cook v. State Farm Mut. Auto. Ins. Co.*, No. 2002-CA-000801-MR, 2004 Ky. App. Unpub. LEXIS 619, at *4 (Ky. App. Sept. 10, 2004)). Accordingly, the "discovery rule" does not apply to extend the statute of limitations for Plaintiff's KCRA claim.

Plaintiff alleges Defendants "knowingly and falsely represent[ed] that the Defendants' Restorelle Y and TVT Exact products were fit to be used for the purpose for which they were intended, when in fact they were defective and dangerous, and . . . [t]hese representations were made in marketing and promotional materials." (Compl. ¶ 132). As a result of these alleged misrepresentations, "Plaintiff and the medical community relied upon Defendants' misrepresentation and omissions in determining which product and/or procedure to undergo and/or perform (if any)." (Compl. ¶ 135). Plaintiff's surgery, which she allegedly underwent in reliance on Defendants' misrepresentations, was performed on April 11, 2017. (Compl. ¶ 19). Any of Defendants' statements Plaintiff relied upon necessarily must have been made before the surgery.

The lawsuit was filed on June 5, 2020, which is more than two years after Plaintiff's surgery and necessarily more than two years after any representations or omissions by Defendants. (Compl. 1). Absent an allegation of any action by the Kentucky Attorney General, Plaintiff's action commenced more than two years after her surgery is barred by KRS 367.220. *See Corder v. Ethicon, Inc.*, 473 F. Supp. 3d 749, 769 (E.D. Ky. 2020); *Petrey*, 2019 U.S. Dist. LEXIS 180314, at *6; *Mills v. Johnson & Johnson*, No. 6:19-248-KKC, 2021 U.S. Dist. LEXIS 52145, at *19 (E.D. Ky. Mar. 19, 2021). Therefore, Plaintiff's KCPA claim will be dismissed.

### C. Counts XVI & XVII

With respect to Plaintiff's claim for punitive damages (Count XVI) and her claim for "discovery rule and tolling" (Count XVII), she does not assert a stand-alone claim for either punitive damages or for "discovery rule and tolling." (Pl.'s Resp. Defs.' Partial Mot. Dismiss 8-9). Instead, these claims were solely to provide adequate notice to Defendants and to emphasize that her claims were timely filed. (Pl.'s Resp. Defs.' Partial Mot. Dismiss 8-9). "[A] claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action." *Dalton*, 913 F. Supp. 2d at 378-79 (citation omitted). Furthermore, "[l]ike Plaintiffs' punitive-damages claim, 'discovery rule and tolling' is not a cause of action. Instead, these are theories under which statutes of limitations may be extended." *Blair v. Johnson & Johnson*, No. 3:19-cv-333-DJH-RSE, 2020 U.S. Dist. LEXIS 41642, at *22 (W.D. Ky. Mar. 10, 2020) (internal quotation marks omitted) (quoting *Petrey*, 2019 U.S. Dist. LEXIS 180314, at *9). As in *Blair* and *Petrey*, Plaintiff is "free to raise these theories as appropriate going forward, but to the extent that [the] tolling-and-discovery-rule claim is not an independent claim for relief, [it] will be dismissed." *Id.* (internal quotation marks omitted) (quoting *Petrey*, 2019 U.S. Dist.

9

LEXIS, at *9). Accordingly, Plaintiff's claims for punitive damages (Count XVI) and "discovery rule and tolling" (Count XVII) will be dismissed.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss (DN 4), Defendant's Motion for Judgment on the Pleadings (DN 13), and Defendant's Motion to Dismiss (DN 14) are **GRANTED IN PART** and **DENIED IN PART**. The following claims against Defendants Ethicon, Inc., Johnson & Johnson, Coloplast Corp., and Coloplast Manufacturing US, LLC are **DISMISSED**: negligent infliction of emotional distress (Count X); violations of consumer protection laws (Count XIII); punitive damages (Count XVI); and "Discovery Rule & Tolling" (Count XVII).

Greg N. Stivers, Chief Judge
United States District Court

March 17, 2022

cc: counsel of record